Dave Evans et al. v. W. M. Rea et al.

No. 2479. Decided February 21, 1917.

**Bankruptcy—Delivery Bond—Sureties.**

Sureties on a delivery bond for property taken in execution are liable for the stated value of the property in case it is not returned to be sold as provided in the bond. They are not released from this liability by the fact that their principal was insolvent at the time and was subsequently adjudged a bankrupt, whereby the property in question, passing into the possession of the bankruptcy court, could not be surrendered for sale. (P. 262.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Knox County.

*Valentine DeGett, D. J. Brookerson,* and *Theodore Mack,* for appellants, cited: Acme Harvester Co. v. Bookman Lbr. Co., 222 U. S., 300; Wise Coal Co. v. Columbia Zinc Co., 157 Mo. App., 315, 138 S. W., 67; 5 Cyc., 806; 34 Cyc., 1575, 1576, 1581, 1590, and cases cited; Bankruptcy Act of 1898.

*Harris, Harris & Young,* for appellee Rea.—The delivery bond having

been forfeited June 19, 1911, and the liability of J. R. Lagow as principal, and Dave Evans, Charles Evans and T. A. Cambron as sureties, having become fixed, no proceedings of bankruptcy thereafter taken could absolve the sureties from liability, but it became their privilege to discharge the liability and pursue any rights they might have against the assets of their principal—the bankrupt. Art. 2357, Rev. Stats. of Texas; Smith v. Basinger, 12 Texas, 227; Burton v. Miller, Admx., 14 Texas, 299; Poland, Admx., v. Henry, 64 Texas, 544; Testard v. Neilson, 20 Texas, 140.

*J. S. Kendall,* for appellee First National Bank.—The adjudication of the principal in delivery bond as a bankrupt will not relieve the sureties on said bond from the requirement of said bond requiring payment of the value of said property on default in delivery. Rev. Stats., arts. 2301-2303, 2359; Pinkard v. Willis, 24 Texas Civ. App., 69, 57 S. W., 891; Marx v. Hart, 166 Mo., 503, 66 S. W., 260.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The statement of the case as contained in the certificate of the honorable Court of Civil Appeals may be thus summarized:

A judgment was obtained in the County Court of Knox County by the First National Bank of Benjamin, Texas, against J. R. Lagow and A. A. Lagow for $382.50 and costs of suit. Execution having been duly issued and levied upon certain personal property of J. R. Lagow, he, with Dave Evans, Charles Evans and T. A. Cambron, as his sureties, executed and delivered to the sheriff making the levy a delivery bond as provided in article 3748 of the Revised Statutes, which was approved by the sheriff. Later, the defendant J. R. Lagow executed a deed of trust for the benefit of his creditors, and delivered to the trustee the property which had been levied upon under the execution. Following this, demand was made by the sheriff of the trustee for the property for the purpose of selling it under the execution, but its possession was refused him. The defendant Lagow and the sureties on the delivery bond failed to deliver possession of the property or to pay the amount due upon the judgment and recited in the execution, whereupon the sheriff endorsed the delivery bond as "Forfeited," and returned it to the clerk of the County Court as required by the statute. Execution was then issued against the defendant Lagow and his sureties upon the delivery bond for the amount due on the judgment, but it was not levied because of an injunction restraining any levy under it. After the return by the sheriff of the forfeited delivery bond and within four months from the date of the judgment in the County Court, the defendant J. R. Lagow, the principal in the delivery bond, was duly adjudged a bankrupt by the United States District Court, and the property which had been levied upon under the original execution was taken possession of by that court. The defendant J. R. Lagow was insolvent at the time of the rendition of the judgment in the County Court, and continued so to the date of his adjudication, as a bankrupt.

The question propounded by the Court of Civil Appeals is whether the fact of the actual and adjudged insolvency of the debtor Lagow relieved the sureties upon the delivery bond of their liability thereon.

We answer the question in the negative. The actual insolvency of the debtor Lagow could not affect the liability of the sureties upon the delivery bond. The condition of the bond, as required by the statute, was alternative, that is, that either the property levied on would be returned to the officer to be sold according to law, or payment of its value, as stated in the bond, would be made. The sureties were clearly liable for the stated value of the property in the event of its not being returned. This undertaking on their part had been entered into prior to the adjudication of J. R. Lagow as a bankrupt, and was in force at the time of such adjudication. That it was impossible for the property to be returned because of the bankruptcy proceeding did not release the sureties from their obligation to pay the stated value of the property if it was not returned in accordance with the other condition of the bond. Nor, under the Bankruptcy Act, did Lagow's adjudication as a bankrupt impair their liability as co-obligors on the bond to make the payment.